UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 08-21-GWU

TERRY H. COLE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Terry Cole brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the

> alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Cole, a 51-year-old former industrial safety/health technician and data entry operator with a high school education, suffered from impairments related to type 1 uncomplicated uncontrolled diabetes with a medtronic insulin pump and episodic near syncope, orthostatic hypotension with light-headedness and dizziness upon standing with near syncope, and primary memory dysfunction with reading, spelling, and arithmetic abilities essentially in the low average range. (Tr. 22, 25). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23, 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25-26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 26).

Cole alleged a disability onset date of April 5, 2004 on her DIB application. (Tr. 63). The ALJ determined that her DIB-insured status expired on December 31, 2004. (Tr. 19). The plaintiff must prove she became disabled during this time period in order to qualify for DIB.

7

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating the evidence of record relating to Cole's mental status. However, the current record also does not mandate an immediate award of DIB. Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Joyce Forrest included an exertional limitation to light level work along with such mental limitations as (1) a "slight" restriction of ability to handle simple instructions and interact with supervisors, co-workers and the general public; (2) a "moderate" limitation of ability to respond appropriately to changes in the routine work setting; and (3) a "marked" limitation of ability to handle detailed instructions. (Tr. 439-440). The ALJ relied upon these factors. (Tr. 23).

Dr. Cary Twyman, a neurologist, treated Cole from July, 2004 until June, 2005. (Tr. 206-219). The plaintiff noted problems with memory loss and confusion when first seen in July of 2004. (Tr. 216). The patient noted a long-standing history of diabetes with recent problems controlling her blood sugar levels. (Id.). The doctor suspected that these problems were related to her episodes of hypoglycemia. (Tr. 218). The doctor referred the plaintiff to Psychologist Christopher Allen for a mental status evaluation. (Tr. 148). An MRI Scan of the brain was obtained and revealed mild cortical atrophy slightly out of proportion to

8

the claimant's age. (Tr. 215). Dr. Twyman considered this to be an abnormal result when Cole returned in September, 2004. (Tr. 213). Memory loss complaints continued that month as well as upon subsequent office visits in October, 2004, January, 2005 and June, 2005. (Tr. 207, 210, 211, 213). In July of 2005, Dr. Twyman rated the claimant's ability as "poor" in such areas of mental functioning as following work rules, relating to co-workers, dealing with the public, using judgment, interacting with supervisors, dealing with work stresses, functioning independently, maintaining attention and concentration, handling complex, detailed and simple instructions, relating predictably in social situations, and demonstrating reliability. (Tr. 220-221). These are far more severe mental limitations than those found by the ALJ.

Psychologist Christopher Allen examined Cole in August of 2004, during the relevant period. (Tr. 148-153). Testing revealed significant deviations concerning visual attention, object perception, complex construction skills, prosodic comprehension, and in the ability to acquire and remember new information. (Tr. 150). Allen diagnosed dementia due to multiple etiologies. (Id.). This problem was suspected of being related to the plaintiff's problems with hypoglycemia and hypotension. (Id.). Allen opined that the claimant should not drive automobiles and would need supervision on a daily basis. (Id.). This limitation also appears more severe than that found by the ALJ.

Psychologist Dennis Sprague examined Cole in May of 2006. (Tr. 332-341). Sprague diagnosed dementia due to unknown etiologies. (Tr. 337). The examiner indicated that Cole would suffer from "marked" limitations in such areas as handling detailed instructions, interacting with co-workers, and responding appropriately to work pressures in a usual work setting. (Tr. 339-340). These were also more severe restrictions than those found by the ALJ.

All of the treating and examining sources of record identified more severe mental limitations than those found by the ALJ. However, the ALJ rejected the opinions of Dr. Twyman, Allen and Sprague based in large part upon the opinion of Psychologist Doug McKeown, a non-examining medical advisor. (Tr. 24). McKeown indicated that Cole would have a "marked" restriction in handling detailed instructions and a "moderate" limitation in responding appropriately to changes in a routine work setting. (Tr. 354-355). The mental factors of the hypothetical question were compatible with this opinion. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, McKeown noted a number of reasons why he did not feel that the mental restrictions noted by Allen and Sprague were well-supported. (Tr. 357). However, the advisor did not address the opinion of Twyman, a treating source. Thus, the Barker requirement was not satisfied. Furthermore, since Twyman was a treating source, Social Security Ruling 96-6p suggests that

McKeown would have needed to review a complete record which included a medical report from a mental health specialist which contained more detailed and comprehensive information than that which was available to the treating source in order to offset the opinion of Dr. Twyman.  The court notes that McKeown thought that the information provided by Allen and Sprague lacked detail.  (Id.).  Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be issued simultaneously consistent with this opinion.

This the 11th day of March, 2009.

Signed By:
G. Wix Unthank
United States Senior Judge